IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LUPITA V.,[1]

      Plaintiff,

vs.                                                                                      1:23-cv-00551-KG-LF

MARTIN O'MALLEY,[2] Commissioner
of the Social Security Administration,

      Defendant.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on Plaintiff Lupita V.'s Motion to Reverse and Remand for a Rehearing (Doc. 15), which was fully briefed on January 17, 2024. *See* Docs. 22, 23. District Judge Kenneth Gonzales referred this matter to me to "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case." Doc. 11. Having meticulously reviewed the entire record and being fully advised in the premises, I find that the Administrative Law Judge ("ALJ") failed to explain her reasoning for disregarding certain limitations and therefore committed legal error by failing to comply with the remand order entered by this Court in a prior proceeding. I therefore recommend that the Court GRANT Plaintiff's motion and remand this case to the Commissioner for further proceedings consistent with this opinion.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case.

[2] Martin O'Malley became the Commissioner of the Social Security Administration on December 20, 2023, and is automatically substituted as the defendant in this action. FED. R. CIV. P. 25(d).

I. **Standard of Review**

The standard of review in a Social Security appeal is whether the Commissioner's final decision[3] is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands, and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks and brackets omitted). The Court must meticulously review the entire record, but may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118. A decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* While the Court may not reweigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "'The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from

---

[3] The Court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. §§ 404.981, 416.1481, as it is in this case.

being supported by substantial evidence.'" *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

II.     **Applicable Law and Sequential Evaluation Process**

To qualify for disability benefits, a claimant must establish that he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the evaluation process, the claimant must show: (1) the claimant is not engaged in "substantial gainful activity;" (2) the claimant has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) the impairment(s) either meet or equal one of the Listings[4] of presumptively disabling impairments; *or* (4) the claimant is unable to perform his or her "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i–iv), 416.920(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261. If the claimant cannot show that his or her impairment meets or equals a Listing but proves that he or she is unable to perform his or her "past relevant work," the burden then shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the national economy, considering the claimant's residual functional capacity ("RFC"), age, education, and work experience. *Id.*

---

[4] 20 C.F.R. pt. 404, subpt. P, app. 1.

### III.     Background and Procedural History

Plaintiff is a forty-eight-year-old woman with a high school education and some community college. AR 66, 202, 1272.[5]  Plaintiff's address is listed in Tucumcari, New Mexico; however, Plaintiff is, to the best of the Court's knowledge, homeless and living primarily in the vehicle of her boyfriend, who is a long-haul trucker. AR 46, 66, 272, 1270–72.  Plaintiff most recently worked as a substitute teacher and instructional assistant for Tucumcari Public Schools. AR 217.  Prior to that, she also worked serving food for a summer program, as a desk clerk, as a substitute teacher for HeadStart, and as a housekeeper. *Id*.  Plaintiff filed an application for Disability Insurance Benefits ("DIB") and Social Security Income ("SSI") benefits on February 13, 2017, alleging disability since February 6, 2015, due to chronic abdominal pain, anxiety, and vocal cord dysfunction.[6]  AR 67, 177.  The Social Security Administration ("SSA") denied her claim initially and on reconsideration. AR 66–96.  Plaintiff requested a hearing before an ALJ. AR 112–14.  On May 13, 2019, ALJ Jennifer M. Fellabaum held a hearing. AR 34–63.  ALJ Fellabaum issued her first unfavorable decision on August 20, 2019.  AR 12.

In her 2019 decision, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through September 30, 2020.  AR 17.  At step one, the ALJ found that Plaintiff had not engaged in substantial, gainful activity since February 6, 2015, her alleged onset date.  *Id*.  At step two, the ALJ found that Plaintiff's depression, anxiety, helicobacter pylori chronic gastritis/gastroparesis, and degenerative disc disease were severe impairments.  AR 17–18.  At step three, the ALJ found that none of Plaintiff's impairments, alone or in combination,

---

[5] Documents 12-1 through 12-18 comprise the sealed Administrative Record ("AR").  When citing to the record, the Court cites to the AR's internal pagination in the lower right-hand corner of each page, rather than to the CM/ECF document number and page.

[6] There is some ambiguity regarding when Plaintiff applied for SSI.  *See* AR 36–38.  To the best of my understanding, she applied for SSI on the same day as she applied for DIB.  *See* AR 177.

met or medically equaled a Listing.  AR 18–20.  Because the ALJ found that none of the impairments met a Listing, the ALJ assessed Plaintiff's RFC.  AR 20–25.  The ALJ found that Plaintiff had the RFC to perform:

> light work . . . except for the following additional limitations: The claimant can occasionally stoop, crouch, kneel, and crawl; can never climb ladders, ropes, or scaffolds; can never be exposed to unprotected heights or hazardous machinery; and can have no concentrated exposure to environmental irritants or extreme humidity or wetness.  In addition, the claimant can perform SVP 1 or 2 level work, with no fast-paced production work.  She can tolerate occasional changes to the work setting and can occasionally interact with the general public, co-workers, and supervisors.

AR 20.

At step four, the ALJ concluded that Plaintiff was not capable of performing her past relevant work as a child monitor.  AR 25.  At step five, the ALJ found that Plaintiff was able to perform work that existed in sufficient numbers in the national economy, including work as a garment sorter, mail clerk, or presser.  AR 26.  The ALJ thus found Plaintiff not disabled at step five.  AR 27.

Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision.  AR 171–74.  On May 4, 2020, the Appeals Council denied the request for review.  AR 1–3.  Plaintiff timely filed her appeal to this Court on July 2, 2023.[7]  AR 1316.  On November 15, 2021, the Honorable John F. Robbenhaar, having found that ALJ Fellabaum did not adequately explain why certain limitations found by examining physician Dr. Fink were not adopted, granted Plaintiff's motion to remand.  AR 1318–38.  The Appeals Council vacated ALJ Fellabaum's decision and remanded for further proceedings.  AR 1340–44.

On April 6, 2023, ALJ Fellabaum held a second hearing for Plaintiff and, on April 28,

---

[7] A claimant has 60 days to file an appeal.  The 60 days begins running five days after the decision is mailed.  20 C.F.R. § 404.981; *see also* AR 2.

5

2023, issued a second unfavorable decision. AR 1252–86, 1227–43. The ALJ found that Plaintiff met the insured status requirements of the Social Security Act through September 30, 2020. AR 1232. At step one, the ALJ found that Plaintiff had not engaged in substantial, gainful activity since February 6, 2015, her alleged onset date. *Id*. At step two, the ALJ found that Plaintiff's degenerative disc disease, chronic pain syndrome, H. pylori/chronic gastritis/gastroparesis, depressive disorder, anxiety disorder, and post-traumatic stress disorder were severe impairments. AR 1233. At step three, the ALJ found that none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing. AR 1233–35. Because the ALJ found that none of the impairments met a Listing, the ALJ assessed Plaintiff's RFC. AR 1235–41. The ALJ found Plaintiff had the RFC to perform:

> light work . . . except for the following additional limitations: The claimant can occasionally climb ramps and stars, stoop, crouch, kneel; never climb ladders, ropes, or scaffolds; no exposure to unprotected heights or hazardous machinery; no concentrated exposure to environmental irritants, extreme humidity, or wetness; perform simple, routine tasks with no fast-paced assembly line work; make simple work decisions; tolerate occasional changes to the work setting; occasionally interact with the general public, co-workers, and supervisors with no team or tandem tasks; and cannot perform customer service work. As of July 1, 2021, the claimant additionally can occasionally reach overhead and frequently reach in other directions bilaterally.

AR 1235.

At step four, the ALJ concluded that Plaintiff was not capable of performing her past relevant work as a child monitor and teacher's aide. AR 1241. At step five, the ALJ found that Plaintiff was able to perform work that existed in sufficient numbers in the national economy, including work as an inspector/packer, housekeeper cleaner, and laundry bagger. AR 1242. The ALJ thus found Plaintiff not disabled at step five. *Id*. Plaintiff timely filed her complaint with this court on June 23, 2023. Doc. 1.

6

IV.  **Plaintiff's Claims**

Plaintiff raises three main arguments for reversing and remanding this case:

1. The ALJ failed to follow the U.S. District Court mandate with respect to limitations found by Dr. Fink, *see* Doc. 15 at 6–11;
2. The ALJ failed to account for all limitations found by Dr. Padilla, *see id.* at 11–18; and
3. The ALJ failed to properly weigh the opinion of John R. Vigil, MD, *see id.* at 18–24.

I find that the ALJ failed to follow the requirements established by this Court in its prior order. I therefore will not address the other issues raised by Plaintiff because they may be affected by the Commissioner's treatment of this case on remand. *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).

V.  **Analysis**

Under the law of the case doctrine, "an administrative agency, on remand from a court, must conform its further proceedings in the case to the principles set forth in the judicial decision." *Poppa v. Astrue*, 569 F.3d 1167, 1170 (10th Cir. 2009) (citation and internal punctuation omitted). Deviation from the court's instruction or the disposition of issues, even those decided by necessary implication, is "legal error, subject to reversal on further judicial review." *Sullivan v. Hudson*, 490 U.S. 877, 886 (1989); *see Poppa*, 569 F.3d at 1170. Plaintiff argues that this doctrine requires remand because ALJ Fellabaum, in her second denial of benefits, has not rectified the errors found by Judge Robbenhaar. I agree and recommend that the Court remand this case on that basis.

Judge Robbenhaar ruled that ALJ Fellabaum erred because, "having accorded significant weight to Dr. Fink's opinion, [she] failed to explain why she rejected certain of Dr. Fink's moderate limitations while adopting others when making her RFC assessment." AR 1337. Judge Robbenhaar found that ALJ Fellabaum failed to account for three moderate limitations:

1. Although limiting Plaintiff to unskilled work "may have adequately addressed certain of [her] limitations in concentration, persistence and pace, [it did] not address at all [Plaintiff's] moderate limitation with respect to her ability to understand, remember, and carry out simple instructions," AR 1334;

2. "[W]hile the ALJ separately assessed that [Plaintiff] could *occasionally* interact with the general public, co-workers, and supervisors, the ALJ's analysis failed to address the critical question given the medical evidence at issue here, *i.e.*, whether [Plaintiff] could interact *appropriately*," AR 1334–35 (emphasis in original); and

3. "[T]he ALJ only partially addressed Dr. Fink's assessed moderate limitation in the area of adaptation in the RFC, *i.e.*, the ALJ assessed that [Plaintiff] could tolerate occasional change in the work setting, but makes no mention of Dr. Fink's assessed moderate limitation regarding [Plaintiff's] ability to be aware of *normal* hazards and react appropriately," AR 1335 (emphasis in original).

Plaintiff argues that ALJ Fellabaum committed the same errors in her 2023 denial of benefits "by failing to discuss how she either included or excluded" limitations, including Plaintiff's "ability to understand and remember even simple instructions, or maintain persistence and attendance, or be aware of normal hazards and react appropriately, or her need for multiple repetitions of instructions." Doc. 15 at 9–10. However, she seems to concede that ALJ Fellabaum accounted for the interaction limitation found by Dr. Fink. *See id.* at 9. Plaintiff also contends that the ALJ failed to cite any evidence supporting the weight given to Dr. Fink's opinion, instead making only the boilerplate statement that "[t]he record was consistent with moderate mental functioning limitations, as noted above (AR 1239)" and elsewhere recounting medical and mental health history without linking it to Dr. Fink's opinion. Doc. 15 at 10.

The Commissioner argues that, under the law of the case doctrine, Judge Robbenhaar's ruling did not require the ALJ to make particular RFC findings and that the ALJ "reasonably assessed a different mental RFC to account for additional evidence" and Judge Robbenhaar's concerns. Next, the Commissioner contends that "the ALJ reasonably explained that Dr. Fink found Plaintiff could repeat a sentence and follow simple instructions with normal motivation

8

(AR 705, 1239)" and reached an RFC[8] that addressed Judge Robbenhaar's ruling "because Dr. Fink found that Plaintiff could carry out instructions if she knew what needed to be done and that she may have trouble concentrating for very long, which is accounted for with simple, routine tasks and simple decisions, and no fast-paced assembly line work."  Doc. 22 at 10 (citation omitted).  The Commissioner supports this contention with a citation to *Galloway v. Kijakazi*, 46 F.4th 686, 690 (8th Cir. 2022), which held that "there is no conflict between simple instructions and forms of simple work, such as simple, routine, and repetitive work activity."  Doc. 22 at 10.  The Commissioner, citing *Smith v. Colvin*, 821 F.3d 1264, 1268–69 & 1269 n.2 (10th Cir. 2016), further argues that Plaintiff has not shown error "because the Tenth Circuit has specifically held that an ALJ can account for moderate limitations by limiting the complexity of work a claimant can do, as the ALJ did here."  Doc. 22 at 10.

      The Commissioner's argument misses the mark.  I agree that ALJ Fellabaum was free to alter her RFC on remand.  However, Judge Robbenhaar's opinion required that she account for each of the three moderate mental limitations listed above by either including corresponding restrictions in the RFC or explaining what evidence justified their exclusion.  Plaintiff has conceded that the ALJ accounted for the interaction limitation.  Of the remaining two limitations, the Commissioner's argument regarding simple instructions is unpersuasive, and neither the Commissioner nor ALJ Fellabaum addressed at all the moderate limitation in Plaintiff's ability to be aware of normal hazards.

---

[8] Per the Commissioner's argument, the RFC "limited Plaintiff mentally to simple, routine tasks with no fast-paced assembly work, simple work decisions, occasional changes to the work setting, occasional social interactions with no team or tandem tasks, and no customer service work."  Doc. 22 at 10.

9

Dr. Fink found that Plaintiff had at least a moderately impaired ability to understand and remember detailed or complex instructions, that she might need multiple repetitions of instructions, and that "[s]he does not do all that well with short simple ones, she sometimes just responds without having listened to the nature of the task." AR 706. Presumably on this basis, Judge Robbenhaar found that ALJ Fellabaum's assessment "fail[ed] at all to address [Plaintiff's] moderate limitation with respect to her ability to understand, remember, and carry out simple instructions."[9] The Commissioner contends that the RFC accounts for this limitation, presumably by restricting Plaintiff to "simple, routine tasks with no fast-paced assembly work [and] simple work decisions." Although similar restrictions typically account for a moderate limitation in the ability to understand, remember, and carry out *detailed or complex* instructions, they do not account for a limitation in being able to carry out *simple* instructions. *See, e.g., Thompson v. Colvin*, 551 F. App'x 944, 947 (10th Cir. 2014); *Danette Renee G. v. Kijakazi*, No. 21-CV-2475-JWL, 2022 WL 17338283, at *7 (D. Kan. Nov. 30, 2022); *but see also Paulek v. Colvin*, 662 F. App'x 588, 594 (10th Cir. 2016) (Tenth Circuit "ha[s] not spoken to whether a limitation to simple and routine work tasks is analogous to a limitation to carrying out simple instructions"). The Commissioner cites to no case, nor am I aware of any, where a restriction to simple, routine tasks and simple work decisions accounts for moderate limitations regarding simple instructions.[10] Indeed, understanding, remembering, and carrying out simple instructions

---

[9] Judge Robbenhaar's findings do not correspond exactly to the language of Dr. Fink's opinion. However, the Commissioner has not challenged this finding of moderate limitation; even if he had, this Court here reviews the ALJ's compliance with Judge Robbenhaar's findings, not the findings themselves.

[10] I am likewise not persuaded that ALJ's Fellabaum's explanation "that Dr. Fink found Plaintiff could repeat a sentence and follow simple instructions with normal motivation" accounts for the relevant limitation. Doc. 22 at 10; *see* AR 1239. That explanation omits any mention of—and is somewhat at odds with—Dr. Fink's finding that Plaintiff "does not do all that well with short

is one of four capacities generally required for even unskilled work. *See Vigil v. Colvin*, 805 F.3d 1199, 1204 (10th Cir. 2015) (quoting SSR 96-9p, 1996 WL 374185, at *9 (July 2, 1996)). It may well be that an RFC that accounts for Plaintiff's limitation in this domain would preclude her from competitive employment. Regardless, the RFC crafted by ALJ Fellabaum in her 2023 denial of benefits does not account for Plaintiff's moderate limitation in understanding, remembering, and carrying out simple instructions.

The Commissioner cites two cases for, roughly, the proposition that the RFC's restriction to simple, routine work can account for a limitation regarding simple instructions. Neither case is on point. In *Galloway*, the Eighth Circuit, applying a deferential standard of review, found that a sentence in the ALJ's decision, which implied that the claimant should be limited to simple, unskilled work, could be harmonized with an RFC and questions to the vocational examiner that did not expressly find that the claimant could not understand, remember, or carry out detailed instructions. *Galloway*, 46 F.4th at 689–90. In so finding, the court looked to a prior case that found no conflict between an RFC with limitations to simple job instructions and simple, routine work and occupations "involving instructions that, while potentially detailed, are not complicated or intricate." *Id.* at 690 (quotation omitted). This simply does not bear on whether the RFC in this case accounted for Plaintiff's limitations regarding simple instructions.

Likewise, although the Tenth Circuit in *Smith*, 821 F.3d at 1268–69, found that the ALJ in that case incorporated into the RFC moderate non-exertional impairments by limiting the claimant to simple, repetitive, and routine tasks, that approach is acceptable in the Tenth Circuit only because "an administrative law judge can account for moderate limitations by limiting the

---

simple [instructions]," and is not accompanied by any discussion linking Dr. Fink's findings to relevant limitations in the RFC. AR 706.

11

claimant to particular kinds of work activity." *Id.* at 1269 (citing *Vigil v. Colvin*, 805 F.3d 1199, 1204 (10th Cir.2015)).  However, not all limitations can be accounted for in this way.  Judge Robbenhaar already confronted this issue: the previous remand in this case is predicated on his finding that at least three limitations found by Dr. Fink were not accounted for by a limitation to simple, unskilled work.  AR 1332–35.  *Smith* in no way undermines this prior finding.

ALJ Fellabaum also failed to account for Dr. Fink's assessed moderate limitation in Plaintiff's ability to be aware of normal hazards and react appropriately.[11]  In her 2019 denial of benefits, ALJ Fellabaum found an RFC that included that Plaintiff "[could] never be exposed to unprotected heights or hazardous machinery."  AR 20.  Judge Robbenhaar, noting this restriction in a footnote, nonetheless found that the ALJ had not accounted for the moderate limitation regarding normal hazards.  *See* AR 1335, 706.  In her 2023 denial of benefits, ALJ Fellabaum found an RFC that included the same restrictions, but no further restrictions that plainly relate to normal hazards.  *See* AR 1235.  Her discussion of Dr. Fink's opinion contains no reference to normal hazards, nor has the Commissioner argued that she has accounted for a moderate limitation regarding normal hazards.  *See* AR 1239; Doc. 22.  The ALJ simply did not account for this limitation.

## VI. Conclusion

On remand from this Court, ALJ Fellabaum committed legal error by failing to rectify two of the three errors that justified remand.  I therefore recommend that the Court GRANT Plaintiff's motion and remand this case for further consideration.  *See Sullivan*, 490 U.S. at 886.

---

[11] The ability to be aware of normal hazards, like abilities regarding simple instructions, is critical for performing unskilled work.  *See* POMS DI 25020.010.B.3.b, n—*Mental Abilities Critical for Performing Unskilled Work*; AR 1334.

I do not reach Plaintiff's other claimed errors, as these "may be affected by the ALJ's treatment of this case on remand." *Watkins*, 350 F.3d at 1299.

> **THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  Written objections must be both timely and specific. *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  Failure to file timely and specific objections will result in waiver of *de novo* review by a district or appellate court. *Id*.  In other words, if no objections are filed, no appellate review will be allowed.

_____
Laura Fashing
United States Magistrate Judge